MORTON BROWNSON et al., Executors, etc., Appellants, *v.* WILLIAM P. CHAPMAN et al., Respondents.

(Argued November 18, 1875; decided November 30, 1875.)

THIS was an action for the alleged conversion of United States bonds, the property of plaintiffs' testator, stolen by one Van Alstyne and sent to defendants by him as a margin in certain stock purchases. Most of the points raised were disposed of upon a former appeal. (See *Taft* v. *Chapman*, 50 N. Y. 445.)

It appeared, upon the last trial, that $5,000 of bonds were delivered by Van Alstyne to the express office for transmission to defendants before the purchase by them of the last 1,800 shares of stock made on the 21st February, 1868. *Held*, that this fact did not vary the rights of the parties, as defendants had no knowledge of the fact, and when they purchased had only the promise of Van Alstyne to send collateral; also because the carriers were not agents of defendants so as to make the delivery to them a delivery to defendants.

It appeared that the contracts of purchase made by defendants on the twenty-first February to fill Van Alstyne's orders were by parol, and so void under the statute of frauds; and it was urged that the fulfillment of the void contracts, after receipt of the bonds, must be deemed to have been done on the credit of the bonds, and that defendants were, therefore,

# 626 MEMORANDA OF

entitled to the rights of *bona fide* holders for value. *Held*, that although the contracts could not have been legally enforced, yet defendants, being members of the stock board, were bound by its rules which made such contracts obligatory, and it could not be assumed that the contracts would not have been observed by defendants, or enforced against them according to the rules of the board, if Van Alstyne had failed to send the bonds, and that, in the absence of evidence to the contrary, it must be presumed that defendants received and paid for the stock because of the contracts to do so, not because of the receipt of the bonds. But that, in any view, the question whether the purchases were completed on the credit of the bonds was one of fact for the jury.

It was also urged that had the collaterals not been received in the morning of the twenty-fourth February defendants would have at once resold and thus saved themselves from loss.

The only testimony upon this point was that of defendants that they would have taken that course, which was received under objection. The court intimate that the reception of the evidence was improper, but hold that, even if competent, it was only for the consideration of the jury; that while, if it had appeared that defendants had proposed to sell the stock and had taken the initiatory steps for that purpose and had refrained because of the receipt of the bonds, they would have been holders for value, the surmise of the defendants as to what would have been their conduct was but unsatisfactory evidence to show that they omitted to sell solely because of the receipt of the securities; and, finally, *held*, that the title and claim of defendants to the whole or any part of the bonds depended upon questions of fact proper for the jury, and that, therefore, a direction by the court of a verdict for the defendants was error.

*C. Mason* for the appellants.

*Jas. S. Stearns* for the respondents.

ALLEN, J., reads for reversal and new trial.

All concur; CHURCH, Ch. J., not sitting.

Judgment reversed.